HOLLAND & KNIGHT LLP
ASHLEY L. SHIVELY (SBN 264912)
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
E-mail: ashley.shively@hklaw.com

Attorneys for Defendant
CarGuard Administration, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY STARLING,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VEHICLE PROTECTION SPECIALIST, LLC, CARGUARD ADMINISTRATION, INC., AND SING FOR SERVICE, LLC DBA MEPCO,<br><br>　　　　Defendants. | Case No.: 8:21-cv-01363-DOC-JDE<br><br>[*Assigned to the Hon. David O. Carter United States District Judge*]<br><br>**DEFENDANT CARGUARD ADMINISTRATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant CarGuard Administration, Inc. ("CarGuard"), by and through its undersigned counsel, hereby answers the Complaint (ECF No. 1) filed by Plaintiff, Kimberly Starling, by responding to the numbered paragraphs as follows:

## PRELIMINARY STATEMENT

1.     CarGuard admits that Plaintiff's Complaint concerns unproven allegations that CarGuard violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and Section 302.101 of the Texas Business and Commerce Code. CarGuard denies that any action or omission in this District amounted to illegal, negligent, or willful violations of the TCPA and a violation of Section 302.101 of the Texas Business and Commerce Code.

## JURISDICTION AND VENUE

2.     CarGuard admits the allegations in Paragraph 2 for jurisdictional purposes only.

3.     CarGuard denies the allegations in Paragraph 3 to the extent those allegations refer or relate to CarGuard. To the extent the allegations in Paragraph 3 refer or relate to the actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

4.     CarGuard admits that Defendant Vehicle Protection Specialists, LLC ("VPS"), maintains a mailing address at 6789 Quail Hill Pkwy., Suite #720, Irvine, CA 92603. CarGuard denies the remaining allegations in Paragraph 4 to the extent they refer or relate to CarGuard. To the extent the remaining allegations in Paragraph 4 refer or relate to the actions of entities other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

5.     CarGuard admits the allegations in Paragraph 5 for jurisdictional purposes only.

6.     CarGuard admits the allegations in Paragraph 6 for venue purposes only.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

# PARTIES

7. CarGuard is without knowledge of the allegations in Paragraph 7 and therefore denies the same.

8. No response to the allegations in Paragraph 8 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

9. CarGuard denies that Defendant VPS is a corporation. CarGuard admits that Defendant VPS maintains a mailing address at 6789 Quail Hill Pkwy., Suite #720, Irvine, CA 92603.

10. No response to the allegations in Paragraph 10 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

11. CarGuard denies that its principal place of business and head office is located at 4901 West 136th Street, Leawood, Kansas 66224. CarGuard admits that it maintains a valid mailing address at 4901 West 136th Street, Leawood, Kansas 66224.

12. CarGuard admits that it is a nationwide administrator of vehicle service contracts. CarGuard denies the remaining allegations in Paragraph 12.

13. No response to the allegations in Paragraph 13 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

14. CarGuard denies that Defendant Sing for Service, LLC d/b/a Mepco ("Sing") is a corporation. CarGuard admits the remaining allegations in Paragraph 14.

15. CarGuard admits the allegations in Paragraph 15.

16. No response to the allegations in Paragraph 16 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

17. CarGuard admits that it acts through its agents, employees, officers, members, and directors. CarGuard is without knowledge of the remaining allegations in Paragraph 17 and therefore denies the same.

18. CarGuard denies the allegations in Paragraph 18.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

## FACTUAL ALLEGATIONS

19. CarGuard is without knowledge of the allegations in Paragraph 19 and therefore denies the same.

20. CarGuard is without knowledge of the allegations in Paragraph 20 and therefore denies the same.

21. CarGuard is without knowledge of the allegations in Paragraph 21 and therefore denies the same.

22. CarGuard is without knowledge of the allegations in Paragraph 22 and therefore denies the same.

23. CarGuard is without knowledge of the allegations in Paragraph 23 and therefore denies the same.

24. CarGuard is without knowledge of the allegations in Paragraph 24 and therefore denies the same.

25. CarGuard is without knowledge of the allegations in Paragraph 25 and therefore denies the same.

26. CarGuard is without knowledge of the allegations in Paragraph 26 and therefore denies the same.

27. CarGuard admits that Defendant VPS sells vehicle service contracts.

28. CarGuard admits that Defendant VPS sells vehicle service contracts administered by CarGuard. CarGuard lacks knowledge of whether VPS engages in telemarketing to sell CarGuard-administered vehicle service contracts.

29. CarGuard is without knowledge of the allegations in Paragraph 29 and therefore denies the same.

30. CarGuard is without knowledge of the allegations in Paragraph 30 and therefore denies the same.

31. CarGuard is without knowledge of the allegations in Paragraph 31 and therefore denies the same.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 3 –   Case No.: 8:21-cv-01363-DOC-JDE
DEFENDANT CARGUARD ADMINISTRATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

32. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 32 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

33. CarGuard is without knowledge of the allegations in Paragraph 33 and therefore denies the same.

34. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 34 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

35. CarGuard is without knowledge of the allegations in Paragraph 35 and therefore denies the same.

36. CarGuard is without knowledge of the allegations in Paragraph 36 and therefore denies the same.

37. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 37 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

38. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 38 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

39. CarGuard is without knowledge of the allegations in Paragraph 39 and therefore denies the same.

40. CarGuard is without knowledge of the allegations in Paragraph 40 and therefore denies the same.

41. CarGuard is without knowledge of the allegations in Paragraph 41 and therefore denies the same.

42. CarGuard is without knowledge of the allegations in Paragraph 42 and therefore denies the same.

43. CarGuard is without knowledge of the allegations in Paragraph 43 and therefore denies the same.

44. CarGuard is without knowledge of the allegations in Paragraph 44 and therefore denies the same.

45. CarGuard is without knowledge of the allegations in Paragraph 45 and therefore denies the same.

46. CarGuard is without knowledge of the allegations in Paragraph 46 and therefore denies the same.

47. CarGuard is without knowledge of the allegations in Paragraph 47 and therefore denies the same.

48. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 48 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

49. CarGuard denies placing any call to Plaintiff. CarGuard further denies that any calls to Plaintiff were placed by an "agent" of CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 49 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

50. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 50 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

51. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 51 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

52. CarGuard admits that it has not registered to do business as a telemarketer with the Texas Secretary of State. CarGuard is an administrator of vehicle service contracts. CarGuard does not conduct outbound telemarketing calls to consumers and is otherwise not a telemarketer. CarGuard denies the remaining allegations in Paragraph 52.

53. CarGuard denies the allegations in Paragraph 53.

54. CarGuard denies committing any acts of omissions in violation of the TCPA and the Texas Business and Commerce Code.

### **PRAYER FOR RELIEF [sic]**

<u>Direct and Vicarious Liability</u>

55. CarGuard denies the allegations in Paragraph 55.

56. CarGuard admits that the quotation in Paragraph 56 to the Federal Communications Commission's remarks in its May 9, 2013 Declaratory Ruling is accurate. CarGuard otherwise refers to the May 9, 2013 Declaratory Ruling for its full meaning and content.

57. No response to the allegations in Paragraph 57 is necessary because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

58. CarGuard admits that the quotation in Paragraph 58 to the Federal Communications Commission's remarks in its May 9, 2013 Declaratory Ruling is accurate. CarGuard otherwise refers to the May 9, 2013 Declaratory Ruling for its full meaning and content.

59. CarGuard denies the allegations in Paragraph 59.

60. CarGuard denies the allegations in Paragraph 60.

61. CarGuard denies outsourcing or contracting its way out of liability under the TCPA or Texas Business and Commerce Code. CarGuard otherwise denies the remaining allegations in Paragraph 61.

62. The allegations in Paragraph 62 are not directed to CarGuard and therefore no response is required. To the extent a response is required, CarGuard denies the same.

63. CarGuard denies the allegations in Paragraph 63 to the extent they relate to CarGuard. To the extent the allegations refer to an entity other than CarGuard, CarGuard is without knowledge of those allegations and therefore denies the same.

///

///

## COUNT I

## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(b)

64. CarGuard incorporates by reference its answers to Paragraphs 1-63 as if fully set forth herein.

65. No response to the allegations in Paragraph 65 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

66. No response to the allegations in Paragraph 66 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

67. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 67 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

68. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 68 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

69. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 69 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

70. CarGuard denies placing any call to Plaintiff. CarGuard is without knowledge of the remaining allegations in Paragraph 70 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

71. CarGuard denies the allegations in Paragraph 71 to the extent they relate to CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 71 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

72. CarGuard denies the allegations in Paragraph 72 to the extent they relate to CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 72 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 7 –  Case No.: 8:21-cv-01363-DOC-JDE
DEFENDANT CARGUARD ADMINISTRATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

73. CarGuard denies the allegations in Paragraph 73 to the extent they relate to CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 73 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

## COUNT II

## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(c)

74. CarGuard incorporates by reference its answers to Paragraph 1-73 as if fully set forth herein.

75. No response to the allegations in Paragraph 75 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

76. CarGuard denies the allegations in Paragraph 76 to the extent they relate to CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 76 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

77. CarGuard denies the allegations in Paragraph 77 to the extent they relate to CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 77 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

78. CarGuard denies the allegations in Paragraph 78 to the extent they relate to CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 78 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

79. CarGuard denies the allegations in Paragraph 79.

## COUNT III

## DEFENDANT VIOLATED § 302.101 OF

## THE TEXAS BUSINESS & COMMERCIAL CODE

80. CarGuard incorporates by reference its answers to Paragraph 1-79 as if fully set forth herein.

81. No response to the allegations in Paragraph 81 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

82. No response to the allegations in Paragraph 82 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

83. No response to the allegations in Paragraph 83 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

84. CarGuard denies the allegations in Paragraph 84 to the extent they relate to CarGuard. CarGuard is without knowledge of the remaining allegations in Paragraph 84 to the extent they relate to Defendants VPS and Sing and therefore denies the same.

85. No response to the allegations in Paragraph 85 is required because they are legal conclusions. To the extent a response is required, CarGuard denies the same.

In response to the unnumbered Prayer for Relief following Paragraph 85, CarGuard denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

To the extent CarGuard has not responded in full to any other allegation in the Complaint, that allegation is denied. Each allegation not specifically admitted is specifically denied.

## AFFIRMATIVE DEFENSES

As to affirmative and other defenses to the Complaint, CarGuard asserts:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any calls placed to Plaintiff were not placed or initiated by CarGuard or its agents.

### THIRD AFFIRMATIVE DEFENSE

To the extent that any violation of the TCPA or state law occurred, which CarGuard denies, such a violation resulted from good faith reliance by CarGuard on incorrect information offered by persons or entities other than an agent or employee of CarGuard.

### FOURTH AFFIRMATIVE DEFENSE

Although CarGuard specifically denies that it has any liability with respect to Plaintiff's claims and allegations, CarGuard asserts that it has established and

– 9 – Case No.: 8:21-cv-01363-DOC-JDE
DEFENDANT CARGUARD ADMINISTRATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

implemented, with due care, reasonable practices to discourage violations of the TCPA by its direct marketers.

### FIFTH AFFIRMATIVE DEFENSE

CarGuard is not liable for the alleged actions or omissions of co-defendants VPS and Sing.

### SIXTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over CarGuard.

### SEVENTH AFFIRMATIVE DEFENSE

CarGuard hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserves its rights to supplement or amend its answer and assert such defenses.

Dated: November 22, 2021

HOLLAND & KNIGHT LLP

*/s/ Ashley L. Shively*
Ashley L. Shively

Attorneys for Defendant
CarGuard Administration, Inc.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 10 –   Case No.: 8:21-cv-01363-DOC-JDE
DEFENDANT CARGUARD ADMINISTRATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES