Joseph D. Steward, III, Esq. (337385)
Kimmel & Silverman, P.C.
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
Phone: (215) 540-8888 x 134
jsteward@creditlaw.com
teamkimmel@creditlaw.com
*Attorney for Plaintiff*

Jamey R. Campellone
Greenspoon Marder, LLP
200 East Broward Blvd., Ste 1800
Fort Lauderdale, FL 33301
Jamey.campellone@gmlaw.com
*Attorney for Defendant, Vehicle Protection Specialist*

Ashley L. Shively (SBN 264912)
50 California Street, Ste 2800
San Francisco, CA 94111
Phone: (415) 743-6900
Ashely.shively@hklaw.com
*Attorney for Defendant, Carguard Administration, Inc.*

Benjamin R. King (SBN 205447)
Loeb & Loeb, LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Phone: (310) 282-2000
bking@loeb.com
*Attorney for Defendant, SING for Service, LLC d/b/a MEPCO*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION



|  |  |  |
|---|---|---|
| **KIMBERLY STARLING,** | ) | |
| Plaintiff, | ) | **Case No.: 8:21-cv-01363 DOC-JDE** |
| | ) | |
| v | ) | |
| | ) | **JOINT RULE 26(f) REPORT** |
| **VEHICLE PROTECTION** | ) | |
| **SPECIALIST, LLC, CARGUARD** | ) | Scheduling Conference: December 20, |
| **ADMINISTRATION, INC. and** | ) | 2021 |
| **SING for SERVICE, LLC d/b/a** | ) | Judge: Hon. David O. Carter |
| **MEPCO,** | | |
| Defendants. | | |

Plaintiff, KIMBERLY STARLING ("Plaintiff") and Defendants, VEHICLE PROTECTION SPECIALIST, LLC, CARGUARD ADMINSTRATION, INC. and SING for SERVICE, LLC d/b/a MEPCO. ("Defendants") jointly submit this report in accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

## 1.  Claims and Defenses

**Plaintiff:**

Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. and §302.101 of the Texas Business & Commercial Code (TB&CC). Defendants made repeated harassing solicitation calls to Plaintiff's cellular telephone numbers ending in -6140, -0442 & -6499 seeking to sell her an automobile warranty, beginning in or around August of 2020. Plaintiff never consented to receive such calls from Defendants and even went as far as to register her cellular telephone

numbers on the national do not call registry on September 16, 2007, August 16, 2020 and December 31, 2004. Despite having registered her telephone numbers on the do not call registry, Defendants placed including but not limited to, sixty-six (66) calls to Plaintiff. Plaintiff therefore seeks all actual damages pursuant to 47 U.S.C. §227(b)(3)(A) and statutory damages of $500 to $1500 per call pursuant to 47 U.S.C. §227(b)(3)(B), §§ 227(c)(5)(B) and 227(c)(5)(C) and Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code ); all reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code.

**Defendant CarGuard:**

Defendant CarGuard Administration, Inc. ("CarGuard"): CarGuard denies the allegations in Plaintiff's Complaint, denies that it is liable to Plaintiff, and denies that Plaintiff suffered any damage as a result of the purported wrongful actions or inactions of CarGuard.

Specifically, Defendant CarGuard is an administrator of Vehicle Service Contracts ("VSCs"). CarGuard enters into direct marketing agreements with third parties to sell CarGuard-administered VCSs. Here,

CarGuard entered into a direct marketing agreement with Defendant Vehicle Protection Specialist, LLC ("VPS") on January 25, 2016. The direct marketing agreement at issue provided: (1) the relationship between CarGuard and VPS was that of an independent contractor only; (2) VPS would exercise its own judgment as to the time and manner in which it performed the services required under the direct marketing agreement; and (3) VPS would adhere to, follow, and obey all federal and state laws, rules, and regulations in the states in which VPS or VPS's representatives solicited consumers.

Additionally, CarGuard had no involvement in, or direct oversight of, VPS when it made the purported telephone calls to Plaintiff. Until the filing of this lawsuit, CarGuard was unaware of any of the calls at issue, or that VPS's calls to Plaintiff purportedly violated state or federal law.

Given the relationship between CarGuard and VPS, as well as VPS's duties and obligations under the direct marketing agreement, CarGuard denies any direct or vicarious liability in this case. CarGuard bases this statement on the facts and information currently available to it. In making this statement, CarGuard does not waive any defenses it has asserted in response to Plaintiff's Complaint. Because discovery has not yet

commenced, CarGuard respectfully reserves the right to supplement its summary, if necessary, as this case and the facts develop.

**Defendant VPS:**

Defendant, Vehicle Protection Specialist, LLC ("VPS") denies the material allegations set forth in Plaintiff's Complaint [D.E. 1], including Plaintiff's entitlement to damages, and disputes the contentions raised therein. Among other denials and defenses, VPS asserts Plaintiff, either expressly, implicitly, or by third parties, consented to telephonic communications with VPS and/or third parties on behalf of VPS if any. To the extent Plaintiff can establish any such communications (from VPS or otherwise), such communications: (1) were initiated by Plaintiff; (2) were initiated by VPS pursuant to Plaintiff's consent; (3) were not initiated by VPS through the use of an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice; and (4) did not contain an advertisement or solicitation. VPS bases these statement on the facts and information currently available to it. In making these statements, VPS does not waive any defenses it has asserted in response to Plaintiff's Complaint [D.E. 1].

Because discovery has not yet commenced, VPS respectfully reserves the right to supplement its summary, if necessary, as this case and the facts develop.

**Defendant SING for Service, LLC d/b/a Mepco**

Defendant SING for Service, LLC dba Mepco ("Mepco") has responded to the Complaint in this matter with a Rule 12(b) Motion to Dismiss (the "Motion"), which is meritorious for a number of independent reasons set forth in the Motion. Plaintiff alleges only one material allegation against Mepco in this case – i.e., that payment for a service as to which one of the robocalls at issue allegedly pertained was to be be made via Mepco (using a shortened version of Mepco's corporate name – "SING"). The Complaint is wholly lacking in any allegations that would establish a sufficient level of involvement, authority or direction over the conduct of other defendants that would rise to any actionable level against Mepco.

Allowing this case to stand against Mepco against Plaintiff's scant and non-specific allegations would mean a dramatic shift in the law, in which the mere passive processing of payments by a payment processor such as Mepco subjects that processor to liability for any wrongfulness of the transaction.

There are no allegations in the Complaint that Mepco did anything more in connection with this case.

Mepco reserves all of its rights and defenses in connection with this action.

2.   **Principal Issues in the Case**

- Whether the allegations in the Complaint as to Mepco are sufficient to survive Mepco's Rule 12(b) Motion, and otherwise allege any specific conduct by Mepco that would state a claim in this matter;

- Whether Defendants violated 47 U.S.C. §227 based on the conduct alleged;

- Whether Defendant CarGuard is vicariously liable for purported TCPA and Texas Business & Commerce Code violations allegedly committed by Defendant VPS;

- Whether VPS used an automatic telephone dialing system and/or pre-recorded voice to place calls to Plaintiff;

- Whether VPS had consent to make calls to Plaintiff's cell phone numbers;

- Whether Plaintiff revoked any prior consent for VPS to make calls to Plaintiff's cell phone

numbers;

- Whether VPS's calls were "willful" within the meaning of the TCPA, thereby triggering the additional damages provision in the Statute; and

- Whether Defendants' violated the Texas Business & Commerce Code thereby triggering the additional Damages.


**3.    Possible Joinder of Additional Parties**

The parties do not anticipate any additional parties being added to this case.


**4.    Proposed Motions and Dispositive Motions**

Defendant MEPCO filed a Motion to Dismiss on November 15, 2021 (Doc. #19) and Plaintiff filed her opposition on November 29, 2021 (Doc. #28).

No other motions are anticipated at this time.


**5.    Prospects of Settlement and ADR**

The parties have not engaged in settlement discussions to date, but are willing to engage in good faith negotiations throughout the litigation. Counsel for the parties have conferred and agree that mediation is the most

suitable form of ADR in this case and should take place after exchange of responses to written discovery.

**6.**     **Proposed Discovery Plan**

\-     Rule 26(a) Disclosures – January 21, 2022

\-     Disclosure of Expert Witnesses and Expert Report - May 31, 2022

\-     Disclousre of Rebuttal Expert Witnesses and Expert Report June 30, 2022

\-     Last Day to Serve Written Fact Discovery – June 30, 2022

\-     Fact Discovery Cutoff – July 29, 2022

\-     Expert Discovery Cutoff – August 31, 2022

\-     Dispositive Motion Cutoff – September 30, 2022

\-     Final Pretrial Conference – October 24, 2022

\-     Trial – December 13, 2022

Discovery should not be conducted in phases and the parties do not propose any changes to the limitations on discovery.

7.    **Jury or Non Jury**

Plaintiff has requested a jury trial. The parties estimate trial to take two (2) to three (3) days.

8.    **Any issues affecting the status or management of case**

None at this time. The parties propose the following dates:

- Rule 26(a) Disclosures – January 21, 2022

- Disclosure of Expert Witnesses and Expert Report - May 31, 2022

- Disclousre of Rebuttal Expert Witnesses and Expert Report – June 30, 2022

- Last Day to Serve Written Fact Discovery June 30, 2022

- Fact Discovery Cutoff – July 29, 2022

- Expert Discovery Cutoff – August 31, 2022

- Dispositive Motion Cutoff – September 30, 2022

- Final Pretrial Conference – October 24, 2022

- Trial – December 13, 2022

Dated: December 9, 2021                     Kimmel & Silverman, P.C. [1]


                                            */s/ Joseph D. Steward, III*
                                            Joseph D. Steward, III, Esq.
                                            *Attorney for Plaintiff*

Dated: December 9, 2021                     Greenspoon Marder, LLP
                                            */s/ Sharon A. Urias*
                                            Sharon A. Urias
                                            Jamey R. Campellone
                                            *Attorney for Defendant, Vehicle*
                                            *Protection Specialist*

Dated: December 9, 2021                     Holland & Knight LLP


                                            */s/ Ashley L. Shively*
                                            Ashley L. Shively
                                            *Attorney for Defendant, Carguard*
                                            *Administration, Inc.*

Dated: December 9, 2021                     Loeb & Loeb, LLP
                                            */s/ Benjamin R. King*
                                            Benjamin R. King
                                            *Attorney for Defendant, SING for*
                                            *Service, LLC d/b/a MEPCO*

---

[1] To this Honorable Court, Plaintiff apologizes and takes responsibility for the late submission of this report.

## **PROOF OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via email to the parties listed on the service list below, and to the parties authorized to receive via this Court's CM/ECF system on this 9th day of December, 2021.

Jamey R. Campellone
Greenspoon Marder, LLP
200 East Broward Blvd., Ste 1800
Fort Lauderdale, FL 33301
*Attorney for Defendant, Vehicle Protection Specialist*

Ashley L. Shively
50 California Street, Ste 2800
San Francisco, CA 94111
*Attorney for Defendant, Carguard Administration, Inc.*

Benjamin R. King
Loeb & Loeb, LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
*Attorney for Defendant, SING for Service, LLC d/b/a MEPCO*

/s/ *Joseph D. Steward III*
Joseph D. Steward III, Esq.